# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3534 | **DATE** | May 21, 2013 |
| **CASE TITLE** | United States ex rel. James Earl Walker (#R-02343) vs. Warden Guy Pierce | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petition for a writ of habeas corpus on file is dismissed without prejudice. The petitioner is directed to (1) submit an amended petition plus a judge's copy (including a complete copy of any attached exhibits); and (2) show cause why this suit should not be dismissed as untimely. The Clerk is directed to send the petitioner an amended habeas form and instructions along with a copy of this order. Failure to comply within thirty days of the date of this order will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

James Earl Walker, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated criminal sexual assault and aggravated kidnaping. The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted.

However, the petitioner is ordered to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The Illinois Supreme Court denied the petitioner's request for direct review on January 6, 2004. The petitioner then apparently filed two successive post-conviction petitions, the latter of which was affirmed in June 2008. The petitioner then seems to have waited until May 2013--some five years later--to seek federal habeas review.

The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred.

In addition, the habeas petition on file appears to be missing pages. Both the original and judge's copy of the petition are somewhat jumbled and begin with "Ground F" with respect to the bases for challenging the convictions in federal court. The petitioner should therefore draft an amended petition setting forth all claims he wishes to raise (assuming, of course, that he can show timeliness).

The amended petition must be on the court's required form. The petitioner must write both the case number and the judge's name on the amended petition and return it to the Prisoner Correspondent. As with every document filed with the court, the petitioner must include the original plus a judge's copy of the amended petition. The judge's copy must include a complete set of any exhibits attached to the original amended petition. The amended petition replaces or supersedes the original petition. In other words, after the petitioner submits an amended petition, the court will no longer consider the original petition. Thus, grounds contained in the original petition will not be considered if they are not included in the amended petition. Furthermore, inmates generally have only one opportunity to seek federal habeas review. Therefore, the petitioner should fill out his amended petition carefully and completely, including any and all grounds he wants the court to consider in determining the validity of his conviction.

The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order. Failure to (a) show good cause in writing why this case should not be dismissed as untimely and (b) submit an amended petition within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.