# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3534 | **DATE** | July 12, 2013 |
| **CASE TITLE** | United States ex rel. James Earl Walker (#R-02343) vs. Warden Guy Pierce | | |

**DOCKET ENTRY TEXT:**

Pursuant to the amended petition, the clerk is directed to substitute Warden Guy Pierce as respondent in place of "the People of the State of Illinois." The respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date of this order. The petitioner's previously filed motion for an extension of time [#7] is denied as moot. The petitioner's motion for attorney representation [#4] is denied as premature.

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

    James Earl Walker, an Illinois state prisoner, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. The petitioner challenges, on multiple grounds, his convictions for aggravated criminal sexual assault and aggravated kidnaping.

    By Minute Order of May 21, 2013, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed as untimely. In response, the petitioner asserts that he is entitled to equitable tolling on account of "cognitive disabilities;" furthermore, the amended petition reflects that additional state post-conviction proceedings not noted in the original petition were pending during the time period in question.

    The court does not, at this time, have enough information to determine whether the petitioner's efforts in state court to set aside his conviction were "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Moreover, untimeliness is an affirmative defense that may be waived if not raised by the respondent. *See, e.g., Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (citations omitted); *Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006). Accordingly, the respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course,
**(CONTINUED)**

mjm

**STATEMENT (continued)**

preclude the State from making whatever arguments it may wish to present regarding exhaustion, timeliness, procedural default, or any other defense.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, the petitioner's motion for attorney representation is denied at this time as premature. Counsel must be recruited in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require attorney assistance in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the amended petition.